UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL, | No. 2:23-cv-1448 TLN AC PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| HORNBROOK COMMUNICTY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se, and the matter was accordingly referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff paid the filing fee on July 21, 2023. On August 9, 2023, plaintiff submitted a notice stating that the Clerk of Court had made a filing error because this case should be filed under seal pursuant to the California False Claims Act so that the California Attorney General's Office can decide whether to intervene. ECF No. 4. Plaintiff states that he has served the Attorney General's office. Id.

When a complaint clearly does not state a claim upon which the court can grant relief, a court can dismiss the case on its own ("sua sponte"), at the outset, without leave to amend. See Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Rule 12(b)(6), Fed. R. Civ. P.). Additionally, a court may sua sponte dismiss a case under Federal Rule of Civil Procedure Rule 41(b), which authorizes involuntary

1

dismissal of a case based on a plaintiff's failure to prosecute, failure to comply with a court order, or failure to follow rules of procedure. Fed. R. Civ. P. 41(b). Plaintiff is hereby notified that the undersigned is contemplating recommending dismissal on one or both legal bases; plaintiff will be provided the opportunity to demonstrate in writing why the case should not be dismissed and to provide an amended complaint that fixes the problems in the current complaint.

## I. THE COMPLAINT

Plaintiff is attempting to bring a case on behalf of the government pursuant to the California False Claims Act. ECF No. 1 at 1. In this action, referred to hereafter as Harrell III, plaintiff is suing the Hornbrook Community Service District ("HCUSD"), a public entity that provides domestic water to the community of Hornbrook in Siskiyou County, and several of HCUSD's directors and employees. ECF No. 1 at 2. Plaintiff alleges that HCUSD and the named employees and directors wrongfully engaged in a scheme to violate plaintiff's rights by providing various grants that they intended to profit from, and by falsely creating and certifying "emergencies" to bypass bidding required processes. Id. at 4-5. Plaintiff alleges that in July of 2021, during a period when there was no usable water in the distribution system, defendants unlawfully seized plaintiff's car and its contents under the authority of a "declaration of water emergency." Id. at 8. Plaintiff alleges defendants brought baseless administrative prosecutions against him. Id. at 9. Plaintiff alleges that defendants' actions violate his rights and are part of an agreement and coordinated plan to oppress plaintiff. Id. at 10. In Footnote 25 on page 10 of plaintiff's complaint, plaintiff states, "Over the past several years, Plaintiff has brought multiple legal actions against the HCSD and its officers, filed complaints concerning its operations with multiple government agencies, and has assisted others in doing those things as well, much to their angst and irritation." Id. at 10. Plaintiff brings multiple federal and state causes of action in his 30-page complaint.

## II. WHY THE COMPLAINT FAILS TO STATE A CLAIM

Though the contents of plaintiff's complaint are somewhat convoluted, it is clear that plaintiff cannot bring a claim under the California False Claims Act as a pro se litigant, and therefore he cannot proceed with this case in its current form. The federal False Claims Act, 31

1   U.S.C. § 3729, et seq., allows a private party to bring a false claims action on behalf of the
2   government to prevent fraud against the public treasury resulting in financial loss. United States
3   v. Neifert–White Co., 390 U.S. 228, 232 (1968).  A lawsuit under this provision is generally
4   referred to as a "qui tam" action. 31 U.S.C. §§ 3729(a), 3730(b).  The California False Claims
5   Act was patterned after the federal False Claims Act. Rothschild v. Tyco Int'l, Inc., 83
6   Cal.App.4th 488, 494 (2000).  Because of the similarity between the two Acts, federal decisions
7   are deemed persuasive authority in interpreting both state and federal provisions. Laraway v.
8   Sutro & Co., Inc., 96 Cal.App.4th 266, 274-75 (2002).  The Ninth Circuit has made clear that pro
9   se plaintiffs do not have authority to bring a qui tam action, because a pro se plaintiff can only
10  bring a lawsuit on behalf of themselves. Stoner v. Santa Clara County Off. of Educ., 502 F.3d
11  1116, 1126 (9th Cir. 2007).  "The FCA makes clear that notwithstanding the [qui tam plaintiff's]
12  statutory right to the government's share of the recovery, the underlying claim of fraud always
13  belongs to the government." Id.  Because plaintiff, as a pro se litigant, cannot bring a qui tam
14  action, plaintiff cannot state a claim upon which relief can be granted as the action is currently
15  constructed.  The case is therefore subject to dismissal for failure to state a claim upon which
16  relief can be granted.

17          Moreover, the complaint fails to comply with Federal Rule of Civil Procedure 8 in that it
18  does not contain a "short and plain" statement setting forth, in a clear and understandable manner,
19  the basis for plaintiff's claims, plaintiff's entitlement to relief, or the relief that is sought, all of
20  which are required by Fed. R. Civ. P. 8(a)(1) (3).  The exact nature of what happened to plaintiff
21  is obscured by the complaint, which is 30 pages in length, addresses disconnected events and
22  allegations involving multiple defendants, and is written in such an overly complex and disjointed
23  manner that makes it difficult to understand exactly what plaintiff's claims are and whether the
24  facts alleged provide a basis for those claims.  The sheer quantity of allegations in plaintiff's
25  complaint and plaintiff's disjointed writing make it impossible for the court, and therefore for
26  defendants, to precisely determine what legal wrong was done to plaintiff, by whom and when, or
27  how any alleged harm is connected to the relief plaintiff seeks.  Because plaintiff's complaint is
28  confusing, vague, and disjointed, the complaint does not comply with Fed. R. Civ. P. 8.

III.  VIOLATIONS OF THE FEDERAL RULES

The court is further concerned that plaintiff's complaint violates Fed. R. Civ. P. 11 because it appears to be bought for the sole purpose of harassing the defendants.  While their filings are construed liberally, plaintiffs appearing in pro se must follow the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.  See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules").  Federal Rule of Civil Procedure 11 states that an attorney or unrepresented party must certify that its filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  When a plaintiff violates a court order or court rule, Federal Rule of Civil Procedure 41(b) provides a basis for dismissal.  In considering whether involuntary dismissal is appropriate, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 (9th Cir. 2019) (internal citations and quotation marks omitted).  These factors merely guide the court's inquiry; they are not conditions precedent for dismissal.  See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the court is concerned, based on the complaint's own acknowledgement plaintiff has filed multiple cases in multiple forums against the defendants, that  that this case was brought for the sole purpose of harassing the defendants. ECF No. 1 at n.25.  The concerns raised by the footnote are heightened by plaintiff's history of litigation against these defendants in this district, described below.

On January 4, 2019, plaintiff appeared in pro se and in forma pauperis and filed a complaint against HCUSD and several of its employees and directors alleging that defendants acted under color of law to deprive plaintiff of his constitutional rights.  Harrell v. Hornbrook Community Services District, 2:19-cv-0031 KJM AC ("Harrell II").  In Harrell II, plaintiff was provided three opportunities to amend his complaint.  The final version of the complaint in

Harrell II was difficult to decipher, but largely consisted of disjointed allegations related to HCUSD conspiracies.  For example, plaintiff alleged that HCUSD and its employees "were part of a systematic and ongoing pattern of negligence, malfeasance/nonfeasance, and acts that were calculated to, and actually did: wrongfully enrich the Defendants; damage the ability of the HCSD to provide safe, potable water to the public and to Plaintiff, injure Plaintiff financially, physically, and emotionally; interfere with Plaintiff's enjoyment and use of his property; damage and reduce Plaintiff's real property values; and, damage, seize and/or convert Plaintiffs' personal property without due process – all with reckless indifference to Plaintiff's legal rights." Harrell II, ECF No. 17 at 5.  Harrell II was ultimately dismissed on screening for repeated failures to comply with Federal Rule of Civil Procedure 8, which requires a complaint contain a short and plain statement of the grounds for legal relief.  Harrell II, ECF Nos. 19, 22, 23.  Harrell II, however, was not plaintiff's first case against HCSD and its employees and directors.

On September 7, 2014, plaintiff brought his initial case against HCUSD and its employees and directors.  Harrell v. Hornbrook Community Services District, 2:14-cv-01595 KJM GGH (Harrell I).  The complaint in Harrell I was like the complaints in Harrell II and Harrell III in that it consisted of 27 pages of convoluted allegations related to various conspiracies and misconduct on the part of defendants.  Harrell I at ECF No. 1.  Following nearly three years of attempted amended complaints and obstructive litigation practices on the part of plaintiff, Magistrate Judge Gregory G. Hollows issued Findings and Recommendations that the case be dismissed because plaintiff's litigation tactics evidenced "a desire to wage a war of attrition on the opposing parties . . . [with] no desire on plaintiff's part to ever reach the merits of a viable claim; rather, there seems to be much desire to use the litigation process per se as an end in itself."  Harrell I at ECF No. 157 at 1-2. Following a discussion of plaintiff's extensive litigation misconduct, Judge Hollows recommended dismissal with prejudice "pursuant to Federal Rule of Civil Procedure 41(b) for failure to obey a court order, or in the alternative pursuant to Rule12(b)(6) for failure to state a claim."  Id. at 15.  The recommendation was adopted by District Judge Kimberly J. Mueller and judgment was entered.  Harrell I at ECF Nos. 159, 160.  Fees and costs were awarded against plaintiff, and the award was upheld by the Ninth Circuit which found that the award was

appropriate because Harrell "evidenced bad faith in multiplying the proceedings in this case unreasonably and vexatiously." Harrell I at ECF No. 213 (internal citation omitted).

In the case at bar, Harrell III, it appears that plaintiff intends to continue a pattern of litigious harassment against the defendants. See, e.g., ECF No. 1, n.25. The Eastern District of California is incredibly impacted and overburdened with respect to caseload, and litigation instigated for the sole purpose of harassment will not be tolerated. For this reason, plaintiff is given an opportunity to explain to the court why this case was not brought in violation Fed. R. Civ. P. 11.

## IV.  ORDER and ORDER TO SHOW CAUSE

In accordance with the above, IT IS HEREBY ORDERED that plaintiff must show cause in writing within 21 days why this case should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff shall file (1) an amended complaint that addresses the problems in the current complaint, and (2) an affidavit explaining why this case does not violate Federal Rule of Civil Procedure 11. If plaintiff fails to respond of if the documents submitted do not cure the problems set forth above, the undersigned will recommend this case be dismissed for failure to state a claim upon which relief can be granted or pursuant to Fed. R. Civ. P. 41(b), whichever is appropriate.

IT IS SO ORDERED.

DATED: August 14, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6