Michael D. Maloney (SBN 208297)
Christopher L. Janof (SBN 335242)
LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110
Sacramento, CA 95811
Tel.: (916) 442-6400
Fax: (916) 266-9285
mmaloney@tedgreenelaw.com
cjanof@tedgreenelaw.com

Attorneys for Defendants
ROBERT PUCKETT, MICHELE HANSON,
MELISSA TULLEDO, CLINT DINGMAN, and
HORNBROOK COMMUNITY SERVICES DISTRICT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT PUCKETT, SR., et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-1448 KJM DMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS PUCKETT, HANSON, TULLEDO, DINGMAN, AND HORNBROOK COMMUNITY SERVICES DISTRICT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: January 10, 2024<br>Time: 10:00 a.m.<br>Courtroom: 304, 3rd Floor<br>Judge: Hon. Dennis M. Cota<br><br>Complaint Filed:　　　　07/20/2023<br>First Amended Compl. Filed: 11/15/2023<br>Trial Date:　　　　TBD |

## I.　　PROCEDURAL HISTORY

Plaintiff PETER T. HARRELL ("Plaintiff") filed his original Complaint on July 20, 2023, against ROBERT PUCKETT, MICHELE HANSON, MELISSA TULLEDO, CLINT DINGMAN, and HORNBROOK COMMUNITY SERVICES DISTRICT ("Defendants"), as well as Defendants Bruce's Towing/Radiator & Dismantling and DOES 1–10.

1  ECF No. 1. Less than a month later, the Court issued an Order to Show Cause. ECF No. 5.
2  Plaintiff was barred from bringing a claim under the California False Claims Act as a pro se
3  litigant. *Id.* at 2, lines 26–28. In addition, the Complaint violated Rule 11 of the Federal Rules of
4  Civil Procedure as it appeared to be brought for the sole purpose of harassing the defendants. *Id.* at
5  4, lines 2–3. Plaintiff filed a motion for a 60-day extension of time. ECF No. 8. The Court issued a
6  Minute Order which discharged the order to show cause and granted the filing of an amended
7  complaint. ECF No. 11.

8  Dropping the claim under the California False Claims Act, Plaintiff filed his First
9  Amended Complaint ("FAC"). ECF No. 12. He alleges Hornbrook Community Service District
10 ("HCSD") and its employees and directors wrongfully engaged in a scheme to violate his rights by
11 providing various grants they intend to profit from by falsely creating and certifying
12 "emergencies" to bypass required bidding processes. EFC No. 5 at 2, lines 11–14. He also alleges
13 Defendants unlawfully seized Plaintiff's vehicle and its contents. *Id.*, lines 14–17. Further,
14 Plaintiff alleges Defendants brought baseless administrative prosecutions against him. *Id.*, lines
15 17–18. Lastly, he alleges Defendants' actions violate his rights and remain part of an agreement
16 and coordinated plan to oppress him. *Id.*, lines 18–19. In total, Plaintiff alleges just seven federal
17 claims and eight state causes of action against Defendants arising out of a vehicle seizure. ECF
18 No. 12.

19 Defendants now move to dismiss the FAC.

## II.   FACTS

21 On July 1, 2021, Defendants declared a water emergency. ECF No. 12 at 5, lines 4–5.
22 Allegedly, Defendants manufactured a water emergency by causing a leak to disrupt water service.
23 *Id.* at 4 n.11, 6–7. Defendants allegedly sought to benefit from a water emergency by acquiring
24 public funds in the form of grants (*id.* at 4, lines 12–17), emergency powers, and the ability to
25 retaliate against Plaintiff for prior lawsuits (*id.* at 10 n.27) he had filed against them. *Id.* at 14,
26 lines 14–18.

27 Three weeks later, Defendants allegedly arrived at the subject property located at 408
28 Henley Hornbrook Rd. *Id.* at 5, lines 3–8, and 9, line 5. Plaintiff is not a resident at the property.

LAW OFFICES OF TED A. GREENE, INC.

LAW OFFICES OF TED A. GREENE, INC.

*Id.* at 3 n.5. They allegedly sought to read the water meter (*id.* at 9 n.22) and cut off Plaintiff's domestic water supply. *Id.*, lines 11–13. Allegedly without a warrant (*id.* at 3, line 3) and at Defendants' direction and instructions (*id.* at 2, lines 16–18), Siskiyou County Sheriff's deputies worked in concert with Defendant Bruce's Towing/Radiator & Dismantling to tow Plaintiff's vehicle. *Id.* at 2–3. Defendants allegedly seized Plaintiff's Honda CR-V and its contents. *Id.* at 9, lines 6–7.

Defendants allegedly did not allow Plaintiff a minimum of 48 hours to correct water violations. *Id.* at 4, lines 4–5. They allegedly did not provide him with notice or an opportunity to be heard. *Id.* at 10, lines 4–7. Defendants allegedly refused to respond to Plaintiff's demands and inquiries. *Id.* at 11, lines 5–8. Plaintiff alleges Defendants brought administrative prosecutions against him with no opportunity for an appeal. *Id.* at 10, lines 2–7.

### III.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When faced with two possible explanations for events, only one of which can be true and only one of which results in liability, plaintiffs must offer more than allegations that are "merely consistent with" their favored explanation but also consistent with the alternative explanation. *McClellan v. Century Aluminum Co.* (*In re Century Aluminum Co. Securities Litigation*), 729 F.3d 1104, 1108 (9th Cir. 2013). To state a "plausible" claim within the meaning of *Iqbal*, plaintiffs must allege facts tending to exclude the possibility that the alternative explanation is true. *Id.* Factual allegations that permit the court to infer no more than the mere possibility of misconduct fail to satisfy Rule 8. *Iqbal*, 556 U.S. at 679.

While the court must accept as true all factual allegations in the complaint, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not

suffice. *Iqbal*, 556 U.S. at 678–79. The court does not accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the plaintiff is entitled to relief," it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678–79.

### IV.   ARGUMENT

#### A.   Federal Claims

Plaintiff alleges seven federal claims (labeled as "counts") including 4th/5th Amendment violations for searches and seizures; conspiracy for deprivation of rights under 42 U.S.C. § 1983; deprivation of due process and equal protection; unlawful retaliation for exercise of constitutional rights; violations of 42 U.S.C. § 1985(2) and (3); violations of 42 U.S.C. § 1986; and declaratory relief. Each of these claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

##### 1.   Count I — 4th/5th Amendment Violations; Searches and Seizures

###### a.   Civil Trespass

The "constitutional minimum of standing contains three elements that a plaintiff must plead and—ultimately—prove." *Dep't of Educ. v. Brown*, 143 S.Ct. 2343, 2351, 216 L.Ed.2d 1116, 1125. (citation and internal quotation marks omitted). "First, the plaintiff must have suffered an 'injury in fact'" that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* "Second, the plaintiff's injury must be 'fairly traceable to the challenged action of the defendant,' meaning that 'there must be a causal connection between the injury and the conduct complained of.'" *Id.* "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Id.*

"In order to maintain an action for trespass, a plaintiff must be in actual possession of the property or have a present right of possession." *Prado v. Chase Home Fin.*, No. CIV S-09-0332 JAM DAD PS, 2009 U.S. Dist. LEXIS 78137, at *12 (E.D. Cal. Aug. 28, 2009) (citation omitted).

In this case, Plaintiff lacks standing to bring a claim under the 4th and 5th Amendments for violations related to trespassing. Plaintiff admits he did not reside at the subject residence. He did

not otherwise allege he had actual possession or a present right of possession in the subject property. Therefore, the Court should dismiss Plaintiff's claim for civil trespass.

### b. Searches and Seizures

Plaintiffs must offer more than allegations that are "merely consistent with" their favored explanation but also consistent with the alternative explanation. *McClellan*, 729 F.3d at 1108. To state a "plausible" claim within the meaning of Iqbal, plaintiffs must allege facts tending to exclude the possibility that the alternative explanation is true. *Id.* Factual allegations that permit the court to infer no more than the mere possibility of misconduct fail to satisfy Rule 8. *Iqbal*, 556 U.S. at 679.

"A peace officer…may remove a motor vehicle from…private property within the territorial limits in which the officer may act [w]hen any vehicle is found upon…private property and a peace officer has probable cause to believe that the vehicle was used as the means of committing a public offense." California Vehicle Code § 22655.5(a).

Plaintiff alleges, without a basis, that Defendants seized Plaintiff's vehicle during a water emergency without a valid exception to the warrant requirement to violate the 4th and 5th Amendments. FAC at 17, lines 12–14. His claim is implausible. He alleges law enforcement was used to tow his vehicle. *Id.* at 2, lines 17–18. Plaintiff does not plead any facts stating the alleged legal basis given to him on which law enforcement arrived on private property and removed his vehicle, or that law enforcement refused to provide him with a basis. Instead, he refers to what one of the defendants allegedly stated. *Id.* at 9, lines 8–14. It is reasonable to infer Plaintiff has intentionally omitted that lawful basis.

As the possibility exists law enforcement arrived at the subject property to request Plaintiff move his vehicle interfering with Defendants checking the property owner's water usage, Plaintiff has the obligation to plead facts excluding the alternative explanation is true. Instead, he makes a threadbare allegation law enforcement arrived at the subject property and seized his vehicle for no apparent reason other than Defendants allegedly told them to do so. It is implausible law enforcement removed his vehicle at a water district employee or supervisor's request without a basis but to do Defendants' will. The Court should therefore dismiss "Count I" — 4th/5th

Amendment violations.

### 2. Count II — Conspiracy for Deprivation of Rights (42 U.S.C. § 1983)

"Title 42 U. S. C. § 1983 provides that every person who acts under color of state law to deprive another of constitutional rights shall be liable in a suit for damages." *Tower v. Glover*, 467 U.S. 914, 919 [104 S.Ct. 2820, 2824] (1984) (citations and internal quotation marks and brackets omitted). "To prove conspiracy…under § 1983, an agreement or meeting of minds to violate…constitutional rights must be shown." *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (citation omitted). The plaintiff must show "actual deprivation of his constitutional rights resulted from the alleged conspiracy." *Id.* (citation omitted).

In this case, Plaintiff makes conclusory allegations with respect to Defendants. He does not allege any facts that there was a meeting of the minds amongst Defendants to violate his constitutional rights. He makes a threadbare allegation Defendants sought to deprive him of his vehicle based on "political and legal activity in opposition to them." FAC at 10, lines 18–20. It is impossible to infer, without more, a meeting of the minds to violate Plaintiff's rights took place on the basis alone of specific defendants having been subject to a lawsuit. No substantive facts exist to support this claim. The Court should therefore dismiss "Count II" — conspiracy for deprivation of rights under 42 U.S.C. § 1983.

### 3. Count III — Deprivation of Due Process and Equal Protection

#### a. Procedural Due Process

To establish a §1983 claim based on a violation of procedural due process, a plaintiff must establish (1) a protected liberty or property interest; and (2) a denial of adequate procedural protection. *Pinnacle Armor, Inc. v. United States*, 638 F.3d 708, 716 (9th Cir. 2011). To determine whether the City provided Plaintiff adequate opportunity to be heard, the Court must balance: (1) the private interest that will be affected by the action; (2) the risk of an erroneous deprivation of that interest through the procedures used and the value of additional or alternative safeguards; and (3) the government's interest, including the additional costs and administrative burdens that additional procedures would entail. *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1081–82 (9th Cir. 2010). The fundamental requirement of procedural due process is the

opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 42 U.S. 319, 333 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334.

In this case, Plaintiff has only alleged that Defendants relied on the sheriff's department to seize his vehicle for an omitted reason. He alleges he should have received notice and a hearing before law enforcement could do anything on behalf of Defendants. *See* FAC at 18, lines 7–12. "[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Goldberg v. Kelly*, 397 U.S. 254, 263 (1970). Merely stating that a due process violation occurred is conclusory and does not suffice to state a valid claim.

### b. Substantive Due Process

Substantive due process is violated by "executive abuse of power…which shocks the conscience." *Id.* at 846; *accord Costanich v. Dep't of Soc. And Health Servs.*, 627 F.3d 1101., 1111 (9th Cir. 2010). "When executive action like a discrete permitting decision is at issue, only 'egregious official conduct can be said to be arbitrary in the constitutional sense': it must amount to an 'abuse of power' lacking any reasonable justification in the service of a legitimate governmental objective.'" *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008).

In this case, similar to Plaintiff's failure to allege procedural due process, Plaintiff has also failed to allege facts in support of egregious official conduct that constituted an abuse of power. Plaintiff admits Defendants relied upon law enforcement and omits the legal basis provided to him. As such, Plaintiff's substantive due process claim likewise is subject to dismissal.

### c. Equal Protection

"To plead a class-of-one equal protection claim,…parties must allege facts showing that they have been [1] intentionally [2] treated differently from others similarly situated and that [3] there is no rational basis for the difference in treatment." *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122–23 (9th Cir. 2022) (citation and internal quotation marks omitted). "Absent any pattern of generally exercising the discretion in a particular manner while treating one individual

differently *and* detrimentally, there is no basis for Equal Protection scrutiny under the class-of-one theory." *Tower v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012) (per curiam).

In this case, Plaintiff alleges he was a "class of one." FAC at 6, lines 4–8. But he alleges no facts he had been treated differently from others similarly situated. He alleges a water emergency that would have affected many others within the county but states nothing of anyone else. Further, he admits he did not reside at the subject residence (FAC at 3 n.5), but he does not allege facts as to the vehicles belonging to the owner of the subject residence or other individuals on the premises at the time of the incident. He fails to disclose whether their vehicles had been seized. However, the docket now shows two August 2023 entries revealing there are two other cases arising out of the same incident. See ECF Nos. 6, 7. Both cases involve different plaintiffs from Mr. Harrell, and they likewise allege vehicles had been unlawfully towed. Plaintiff therefore does not qualify as a party of one, and his claim under equal protection now fails. Accordingly, the Court should dismiss "Count III" — deprivation of due process and equal protection.

### 4. Count IV — Unlawful Retaliation for Exercise of Constitutional Rights

Plaintiff alleges his First Amendment rights to free speech and petitioning were violated when Defendants retaliated against him. The First Amendment forbids government officials from retaliating against individuals for speaking out. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To recover under section 1983 for retaliation in violation of the First Amendment, a plaintiff must establish the following: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

In this case, Plaintiff has not established any of the foregoing elements. Instead, he relies upon a "shotgun pleading," and he does not allege any facts in support of his retaliation claim. Without additional factual specificity, a retaliation is not cognizable. *See Iqbal*, 556 U.S. at 678 (a claim has the requisite facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

### 5. Count V — Violations of 42 U.S.C. § 1985(2) and (3)

A claim for conspiracy brought under section 42 U.S.C. §1985(2) requires a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws and a class race-based animus. *See Kush v. Rutledge*, 460 U.S. 719 (1983), 103 S.Ct. 1483; *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir.1985) (en banc). To be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Ninth Circuit applies a heightened standard to claims and bare allegations that a defendant conspired with another are insufficient to state a claim. *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (To survive a motion to dismiss, the plaintiff must plead specific facts to support the existence of the alleged conspiracy.). Vague and conclusory allegations of a conspiracy are insufficient to state a claim. *See Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir.1988).

In this case, Plaintiff's allegations regarding conspiracy are entirely conclusory, lack facts, and lack the required specificity. Plaintiff failed to allege what each Defendant did to carry out any overt acts in furtherance of the alleged conspiracy. Plaintiff also does not allege how the Defendants conspired together to commit wrongful acts. Thus, Plaintiff fails to allege specific facts that are necessary to establish a § 1985 claim, and Plaintiff's claim of conspiracy fails to satisfy the pleading requirements.

Moreover, a racial, or other class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–69 (1993). Plaintiff does not allege a racial or other class-based invidiously discriminatory animus. Plaintiff's claim of conspiracy fails on this basis as well.

### 6. Count VI — Violations of 42 U.S.C. § 1986

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." *Cerrato v. San Francisco Cmty.*

*Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994) (citing 42 U.S.C. § 1986). "Without a valid section 1985 claim, the section 1986 must also fail." *Knox v. Henderson* (2001) 26 Fed.Appx. 673, 674 (citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 2001).

In this case, Plaintiff directly refers to section 1985(2) and (3) when making a claim under section 1986. FAC at 19, line 24. As shown in I.A.5, *supra*, Plaintiff fails to state a claim under section 1985. Therefore, Plaintiff's section 1986 claim must also fail. Accordingly, the Court should dismiss "Count VI" — violations of 42 U.S.C. § 1986.

### 7. Count VII — Declaratory Relief

There must be a "live controversy" for purposes of declaratory relief; otherwise, such relief would be merely advisory. *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098 (9th Cir. 2001). "A case or controversy exists justifying declaratory relief only when the challenged…activity…is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the…parties." *Id.* at 1098–99 (citation and internal quotation marks omitted). [T]he main purpose of declaratory relief is to avoid future injuries and disputes, not to remedy past injuries." *Montana v. Wyoming*, 2018 U.S. LEXIS 7306, at *117 (2018).

In this case, Plaintiff refers to a water emergency and the seizure of his vehicle in 2021. Plaintiff requests a declaration related to "official actions" taken by Defendants "during the month of July, 2021." FAC at 25, lines 14–16. He seeks a declaration that seizure of his vehicle "was done" unlawfully. *Id.*, lines 11–14. However, these alleged incidents remain in the past. They have evaporated like so much water. Plaintiff does not allege any imminent threat of a future seizure of his vehicle or stoppage of water. He does not allege he continues to park at the subject property which he does not own or even the nature of his relation to it. In fact, Plaintiff even admits he was not a resident of the subject property. FAC at 3 n.5. He further admits he does not contract with the HCSD for water service to that residence. *Id.* It is therefore impossible for Plaintiff to be impacted by any future stoppage of water or actions related to water usage at the subject residence. It is apparent Plaintiff fails to allege any facts of a live controversy, seeks declaratory relief to remedy past alleged injuries, and asks the Court to render an advisory opinion in state law matters.

The Court should therefore dismiss "Count VII" — declaratory relief.

**B.    State Causes of Action**

Given that Plaintiff has failed to state a federal law claim, Defendants request the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state causes of action pursuant to 28 U.S.C. § 1367(c)(3) (a district court may "decline to exercise supplemental jurisdiction" over state law causes of action if it "has dismissed all claims over which it has original jurisdiction"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

## V.    CONCLUSION

Based on the foregoing, the Court should grant Defendants' motion to dismiss plaintiff's First Amended Complaint.

DATED: November 29, 2023        LAW OFFICES OF TED A. GREENE, INC.

By: /s/ *Christopher L. Janof*
　　MICHAEL D. MALONEY
　　CHRISTOPHER L. JANOF
Attorneys for Defendants
ROBERT PUCKETT, MICHELE HANSON, MELISSA TULLEDO, CLINT DINGMAN, and HORNBROOK COMMUNITY SERVICES DISTRICT