IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL, | No. 2:23-CV-1448-DC-DMC |
| Plaintiff, | |
| v. | ORDER |
| ROBERT PUCKETT, SR., et al., | |
| Defendants. | |

        Plaintiff, who is proceeding pro se, brings this civil action. Pursuant to the Court's order issued on February 13, 2025, the matter was set for a scheduling conference on March 26, 2025, and parties were directed to file a joint statement ahead of the conference. See ECF No. 30. The conference was set for remote video access via Zoom and parties were emailed the access information on March 3, 2025. On March 7, 2025, Plaintiff filed objections to order, ECF No. 30, asserting that he had not been served with the answer and "the Clerk has inadvertently failed to produce the documents necessary to effect service upon Bruce's Towing, etc." Id. at 1.

        However, nothing about that filing either caused the scheduling conference to be vacated, or excused Plaintiff's obligation to appear at the scheduling conference. As such, when Plaintiff subsequently failed to appear at the March 26, 2025, scheduling conference noticed by this Court, an Order to Show Cause was issued, directing Plaintiff to personally appear in Redding, California, before the undersigned on April 18, 2025, to show cause why monetary

1

1 sanctions in the amount of up to $1,000 and/or terminating sanctions should not be imposed for
2 failure to comply with the February 13, 2025, order. See ECF No. 34. On April 16, 2025, Plaintiff
3 filed a response to the Order to Show Cause. See ECF No. 36. Plaintiff subsequently compounded
4 his contempt of this Court's orders by failing and refusing to personally appear as directed for the
5 April 18, 2025, hearing. The issue of Plaintiff's failed participation in the March 26, 2025,
6 Scheduling Conference, and the matter of appropriate sanctions as a result of that failure, is now
7 before this Court.

## I. Summary of Facts and Procedure

On March 26, 2025, the Court ordered Plaintiff to show cause why monetary sanctions in the amount of up to $1,000 and/or terminating sanctions should not be imposed for failure to comply with the February 13, 2025, order. See ECF No. 34. On April 16, 2025, Plaintiff filed a response to ECF No. 34 seeking discharge of the order to show cause and "further relief." ECF No. 36, pg. 1. Plaintiff asserts that "multiple instances of due process violations have occurred, all to Plaintiff's detriment." Id. at 1. According to Plaintiff, "the matter cannot proceed until the answer is served" and Plaintiff expected the Court to "instruct the Defendants to serve the Answer by conventional means." Id. at 1, n.1. Plaintiff contends that he "reasonably expected that the Court would take all matters into consideration, and help parties establish proper routes and timelines of communication in conjunction with its other Orders." Id. at 3. Additionally, Plaintiff asserts that the Court has shown "inconsistent enforcement and an uneven application of procedural expectations," citing a related matter[1] in which a Plaintiff Olson did not appear for the scheduling conference and no order to show cause was issued. Id. at 5.

///
///
///
///

---

[1] The Court believes Plaintiff is citing Olson v. Hornbrook Community Services District, et al, Case #2:15-cv-00646-DC-DMC.

2

Finally, Plaintiff contends that the order setting the scheduling conference did not provide "clear procedural guidance, **such as an explanation of what 'zoom' is**, <u>how it is to be utilized</u>, and *how the Court intended to further contact Plaintiff*." Id. at 4 (emphasis in original). Plaintiff asserts that the order setting the scheduling conference:

> …was materially deficient in both its form and function of helping litigants comply. Specifically: It failed to advise the pro se Plaintiff of what a "zoom" hearing entails; It failed to provide technical details on how the conference would be conducted or how access instructions would be delivered; It omitted essential information regarding the requirements of a Rule 26(f) conference, discovery topics, or even basic deadlines.

Id. at 6.

**II. The Court Finds an Absence of "Good Cause" for Plaintiff's Failed Appearance**

The Court is not persuaded by Plaintiff's explanation of why he failed to appear at the Scheduling Conference.

Plaintiff repeatedly contends that he expected the Court to "instruct the Defendants to serve the Answer" and "help parties establish proper routes and timelines of communication." ECF No. 36, pgs. 1 and 3. The Court agrees that Defendants must serve Plaintiff with the answer and agrees that it would be beneficial to both parties to resolve these issues. However, the filing of an answer or other responsive pleading by Defendant is not a pre-requisite to Plaintiff's obligation to appear at a scheduling conference. The scheduling conference, where both parties were ordered to appear, was a proper and efficient time for the Court to address the order and timing of each parties' responsibilities in the pending litigation. Indeed, at the scheduling conference at issue the Court did raise the matter of Defendants' service of the answer. At the time, Defendants stated they believed the answer had been served. Because Plaintiff was not present, the most recent information regarding service of the answer from Plaintiff was from his March 7, 2025, filing. See ECF No. 31. Plaintiff's failure to appear deprived the Court of the opportunity to inquire about whether the answer had been served in the weeks between Plaintiff's filing and the scheduling conference. Therefore, the Court acted upon the information available at the time and instructed Defendants to confirm service of the answer and/or perform service if it

had not been done yet.

Plaintiff asserted that his objections to the scheduling conference demonstrated "the infeasibility of compliance with the scheduling timeline due to lack of notice, and opportunity to be heard as to the defects in an answer." ECF No. 36, pg. 4. However, it was Plaintiff's failure to appear and participate that negatively impacted the scheduling conference. Plaintiff seems to be under a mistaken belief that filing an objection called a halt to the scheduling conference or otherwise excused his obligation to attend. Neither is true. Nor is it accurate to assert that it would be infeasible for Plaintiff to comply with the case schedule due to "lack of notice" when attendance at the scheduling conference would have both provided him notice of the case scheduling and afforded him the opportunity to notify the Court of any concerns with possible deadlines so the Court can set the deadlines accordingly. Because Plaintiff did not appear at the conference, the Court was unable to hear Plaintiff's concerns about the timeline nor address the other outstanding issues such as service to Defendant Bruce's Towing[2] and confirming Plaintiff's address.[3]

As to the related matter which Plaintiff cites to show "inconsistent enforcement," Plaintiff cites to a separate matter in which a Plaintiff Olson allegedly "attempted to call the number provided by the Clerk's Office but received no answer." Id. at 5. The example cited by Plaintiff, albeit from a different matter, highlights the difference between that situation, where Ms. Olson attempted to join the conference and when she was unable she contacted the Court to let them know she was having technological issues. By contrast, Plaintiff here failed to appear and did not contact the Court to express any difficulties he had in understanding or utilizing the remote electronic Zoom.

///

---

[2] It is unclear to the Court what action the Clerk needs to take to assist Plaintiff with effecting service on Bruce's Towing. Officers of the court issue and serve process when plaintiffs proceed in forma pauperis. See 28 U.S.C. § 1915. Here, Plaintiff is not proceeding in forma pauperis.

[3] Plaintiff notes that there was an error with his post office that delayed or prevented him from receiving filings. See ECF No. 26, pg.2, n.3. As the docket reflects, multiple orders were returned as undeliverable, and Plaintiff was directed to file a notice of change of address. See ECF filings February 24, 2025, and March 4, 2025. Plaintiff contends his address is accurate, ECF No. 32, though the Court was unable to confirm his mailing address at the scheduling conference, again, due to his absence.

1    The Court utilizes Zoom to accommodate parties by not requiring them to travel to
2  Redding. Indeed, Plaintiff contends he has an "effective bar to participation" for in-person
3  hearings in Redding because he does not have an "operable vehicle capable of making that trip."
4  See ECF No. 36, pg. 4. Thus, Plaintiff is claiming he is unable to appear before the Court in either
5  manner the Court has provided. Plaintiff erroneously asserts that his objections, ECF No. 31,
6  constitute a "timely appearance" before the Court. See ECF No. 36, pg. 5. Plaintiff is incorrect.
7  When the Court orders a party's presence at a hearing, filing objections to such an order does not
8  constitute an appearance nor excuse a party's appearance.

9    Plaintiff asserts that "Courts routinely hold that where timely objections are raised,
10 and those objections are on file before the relevant deadline, sanctions are inappropriate." ECF
11 No. 36, pg. 4. However, this Court finds that the case law does not support this contention.[4] Filing
12 an objection does not relieve an individual from sanctions if such objections do not provide the
13 court with an explanation for why such sanctions are inappropriate. See Pagtalunan v. Galaza,
14 291 F.3d 639, 640 (9th Cir. 2002) (holding the district court did not abuse its discretion in
15 dismissing an action for failure to prosecute and failure to comply with a court order when the
16 district court found that plaintiff's objections to findings and recommendations "offered no
17 reasonable excuse" for delay).

18    Plaintiff argues that the order setting the scheduling conference was unclear and
19 thus left him "to grope aimlessly and fruitlessly through the Local rules and Pro Se handouts."
20 ECF No. 36, pg. 4. Plaintiff contends that the "scheduling order was vague and failed to meet
21 even the basic standards of clarity for Rule 26 compliance. Plaintiff had no way of knowing what
22 was required and no instructions followed." Id. at 5. It is not the obligation of the Court to counsel
23 a litigant on their respective responsibilities in complying with Rule 26, which prescribes the
24 "duty to disclose" and "general provisions governing discovery." Fed. R. Civ. P. 26. Despite
25 Plaintiff's contention that the order setting the scheduling conference was unclear, Plaintiff never
26 raised any concerns or questions about this in his objections to the scheduling conference. See

---

[4]   Plaintiff cites Nelson v. Adams USA, Inc., 529 U.S. 460, 466-67 (2000), in support of this claim. However, this case does not address the filing of objections or sanctions. See id.

ECF No. 31. Nor did Plaintiff contact the Court via phone or email to notify the Court that he did not know how to use Zoom or request alternative access to the meeting.

The Court sent Zoom access instructions, which includes a dial-in phone number, to Plaintiff and Defendants' counsel on March 3, 2025, as both a calendar invitation and separate email. This was sent to the email address listed on Plaintiff's court filings (peter.harrell@yahoo.com). Plaintiff did not respond to the email to say he did not know how to use the information provided.

Most important, Defendants' failure to serve the answer on Plaintiff does not relieve Plaintiff of his duty to comply with the order setting the subject scheduling conference, ECF No. 30. Plaintiff asserts that there are "serious due process concerns given the hearing is ordered in reliance on a scheduling order itself built upon improper lack of service." ECF No. 36, pg. 4. However, service of the answer, or even filing of an answer, is not required for the Court to order a pretrial conference for the purpose of scheduling. See Fed. R. Civ. P. 16. Per Local Rule 240, "after an action has been filed, the assigned Judge or Magistrate Judge shall order the holding of one or more status conferences for the purpose of entering a pretrial scheduling order." Local Rule 240(a). The Judge can order a scheduling conference <u>anytime</u> after the action has been filed. Plaintiff's original complaint was filed July 20, 2023. See ECF No. 1. Thus, it was proper and in accordance with both the Local Rules and the Federal Rules of Civil Procedure for the undersigned to order a scheduling conference on February 13, 2025, regardless of whether an answer has been served, or even filed. See Local Rule 240(a).; Fed. R. Civ. P. 16.

The Court here also takes judicial notice,[5] based on a docket query, that Plaintiff has filed thirteen cases,[6] including this one, in the Eastern District of California over the span of fifteen years. In one of those cases, 2:07-cv-01514-MCE-CMK, Plaintiff participated in a joint status/scheduling conference statement. See ECF No. 20 (2:07-cv-01514-MCE-CMK). Thus,

---

[5] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

[6] Case Nos.: 2:04-mc-00413-GEB-CMK; 2:05-cv-00420-GEB-CMK ; 2:05-cv-01784-LKK-CMK; 2:06-cv-00849-MCE-CMK; 2:06-cv-01701-LKK-CMK; 2:07-cv-00847-MCE-CMK; 2:07-cv-01514-MCE-CMK; 2:11-cv-00253-MCE-DAD; 2:17-cv-02693-TLN-DB; 2:14-cv-00582-KJM-AC; 2:14-cv-01595-KJM-GGH; and, 2:19-cv-00031-KJM-AC.

Plaintiff knows what is required for a joint scheduling statement and has worked with opposing counsel to prepare one.

### III. Sanctions Are Appropriate Here

The District Court has inherent authority to impose sanctions, including dismissal of an action. See Roadway Express v. Piper, 447 U.S. 752, 765 (1980) (citing Link v. Wabash R. Co., 370 U.S. 626, 632 (1962)). For the District Court to sanction within its' inherent power, there must be a finding of "conduct tantamount to bad faith." Urs Holdings, Inc. v. Topolewski, 2023 U.S. App. LEXIS 24660, at *2 (9th Cir. Sep. 18, 2023) (quoting Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001)). Such inherent power extends to Magistrate Judges. See Arrowhead Capital Fin., Ltd. v. Picturepro, LLC, 2023 U.S. App. LEXIS 189, at *3-4 (9th Cir. Jan. 5, 2023).

The Court must weigh five factors before imposing the harsh sanction of dismissal for failure to comply with a court order. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Less drastic sanctions, such as monetary sanctions, may be appropriate when a party violates local rules and a court order. See Methven & Assocs. Prof'l Corp. v. Kelley, 669 F. App'x 923, 925 (9th Cir. 2016) (concluding it was not an abuse of discretion to impose monetary sanctions given the record of "disregard for the local rules and misleading statements made in contravention of the district court's specific orders").

Here, the Court finds that Plaintiff's response to the order to show cause did not provide a sufficient explanation for why Plaintiff did not appear at the scheduling conference. Instead, Plaintiff made representations that this Court finds disingenuous. Plaintiff's failure to raise in his objections any concerns about how to attend the scheduling conference, ECF No. 31, undercuts his argument now that his failure to appear was due to a lack of understanding Zoom. That, taken with the fact that Plaintiff has in the past prepared a joint scheduling report, indicates

to the Court that Plaintiff's claim that the order setting such scheduling conference was so vague, he was unable to comply, demonstrates "conduct tantamount to bad faith." See Urs Holdings, Inc., 2023 U.S. App. LEXIS 24660, at *2.  As explained above, Defendant's failure to serve Plaintiff with the answer has no bearing on when a scheduling conference is set and does not relieve a party of the duty to appear for such conference. Even if Plaintiff believed that the failure to serve an answer did impact the scheduling, Plaintiff cannot decide for himself that he is relieved of the duty to comply with a court order.  Monetary sanctions are appropriate in this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff be sanctioned in the amount of $500.00, which he shall pay to the Court within 30 days of the date of this order. Plaintiff is cautioned that failure to comply with this order within the time permitted therefor will constitute further non-compliance with this Court's orders and be grounds for issuance of terminating sanctions.

Dated:  April 28, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE