IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT PUCKETT, SR., et al.,<br><br>　　　　Defendants. | No.  2:23-CV-1448-DC-DMC<br><br><br>ORDER |

　　　　Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion to strike affirmative defenses, ECF No. 43. Defendants did not file an opposition, and matter was submitted on the record without oral argument. See ECF No. 44.

　　　　Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on a motion made "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12 (f). However, "the court may consider and grant and untimely motion to strike where it seems proper to do so." Sliger v. Prospect Mortg., LLC, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); see also Peacock v. Pabst Brewing Co.,

LLC, No. 2:18-cv-00568-TLN-CKD, 2022 U.S. Dist. LEXIS 26575, at *3 (E.D. Cal. Feb. 11, 2022).

Defendants filed their answer on February 7, 2025. See ECF No. 29. Plaintiff filed the motion to strike on June 23, 2025. See ECF No. 43. Plaintiff failed to file the motion to strike within 21 days of being served with Defendants' answer. Further, the motion to strike did not show any prejudice to Plaintiff if such motion was denied. Indeed, Plaintiff contends several defenses need to be stricken because such defenses attack an element of the claim and therefore do not constitute affirmative defenses. Plaintiff's success on these claims requires proving every element of the claim regardless of whether Defendants raise the element deficiencies as affirmative defenses. Thus, Plaintiff's motion to strike is untimely, and Plaintiff failed to show he suffers any prejudice from the affirmative defenses proceeding.

Accordingly, Plaintiff's motion to strike affirmative defenses raised in Defendant's answer is DENIED.

Dated: August 7, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE